F I L E D

JUL 29 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT.

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

ERIC WARE, )
)
V. PLAINTIFF ) No. 08 C 50158
)
NEDRA CHANDLER, et al. ) Kapala
)
)
)
DEFENDANTS. )

## PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

The Plaintiff currently resides at the Dixon Correctional center, in Dixon, Il. Throughout the prisons in the state of Illinois, the Defendant, Roger E. Walker Jr., allows soybean food products to suffice as an important protein diet for inmates. Several offenders across the state of Illinois including the women who are facilitated in facilities in Illinois have complained about the bad effects of soybean food products including the Plaintiff.

Also, in Illinois institution's, several Muslims are complaining that they do not receive religious diets known as Halal meals. The Defendants and other facilitators have all acquiesced in the above deprivations. Several offenders at the Dixon correctional center have filed grievances and complaints against Doctor Dahiya, due to his ill minded conduct and lack of observation of health needs for inmates.

## APPLICABLE LAW FOR PRELIMINARY INJUNCTION

The standard for obtaining a preliminary injunction is settled; the movant must show that: (1) a reasonable likelihood that he will prevail on the merits,

1.

...(2) no adequate remedy exists, (3) he will suffer irreparable harm without the injunction and the irreparable harm to the Plaintiff outweighs any irreparable harm the Defendant will suffer if the court grants the injunction and (4) the injunction will not harm the public interest. GOODMAN V. Ill. DEPT. OF FINANCIAL AND PROFESSIONAL REGULATION, 430 F.3d 437 (7th Cir. 2005). Here without the requested injunction relief Plaintiff would likely suffer irreparable harm for which no adequate remedy exists.

Deliberate indifference does not require a finding of express in-intent to harm, WHITEY V. ALBERS, 106 S.ct. 1078 (1986). Liability arises under 1983 only where Plaintiff can show that the Defendant was personally responsible for the deprivation of Constitutional right, see, ZENTMYER V. KENDALL COUNTY, Ill., 220 F.3d 805 (7th Cir. 2000). Other courts have held that the Defendant's failure to do his job was so likely to result in violation of the inmate's constitutional rights that we find he was deliberately indifferent, HILL V. MARSHALL, 962 F.2d 1209 (6th Cir. 1992).

The Plaintiff has repeatedly regurgitated blood mixed with food due to the alergic reaction to soybean food products that magnifies his ulcer and acid reflux conditions. There are days were Plaintiff is forced not to eat at all or very little due to his poverty of not being able to purchase non-soybean food products from the commissary and has to break institutional rules of traffic and trading in order to get foods that do not irratate his stomach and intestines.

2.

The Defendants refuse to allow Plaintiff a diet which does not contain soybean food products, an offender must be given sufficient, nutritionally adequate food, GILLIS V. LITSCHER, 468 F.3d 488 (7th Cir. 2006), quoting, JACOBS V. FRANK, 225 Fed.Appx 397 (7th Cir. 2007). The more meals the Plaintiff misses, the more he will lose weight, and the more he has to eat soybean food, the more he will throw up blood mixed with soybean food products, suffer from stomach pains, and other elments.

The Defendants have a duty to provide Plaintiff with a Halal diet. Its imperative that they do so if it does not substantially burden the institution. A Halal diet or the contents thereof does not cost more than the meals that the Defendants provide to other faiths. Our United States Congress has enacted the Religious Land use and institutionalized Persons Act, which provides, that No Government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, unless the burden furthers a compelling Governmental interest, and do so by the least restrictive means, CUTTER V. WILKINSON, 125 S.ct. 2113 (2005).

The Seventh circuit Court of Appeals has said this year, that it does not make sence for inmates to keep bringing Federal suits in the courts when the facilitators could simply do their jobs, The Plaintiff is clearly entitled to a Halal diet, see, KOGER V. BRYAN (7th Cir. 2008). The Plaintiff suffers from serious medical conditions in regards to his feet. Its unbearable for him to walk at times because of the huge callousess on his feet and not having proper shoes to wear.

3.

The Plaintiff's feet have become swollen and he has to stay off of them occassionally and has to miss eating chow, and its mandatory for him to walk over to the chow hall in order to eat. The Plaintiff makes it pellucid in his complaint that his life and health is in imminent danger.

The actions of the Defendants are absolutely infelicitous and are capricious in nature. If this Honorable Court does not issue an injunction on the Defendants, the Plaintiff will continue to suffer under aprobrious conditions of confinement. Its in the interest of the Public that offenders receive adequate living conditions that have been legally and ethically contemplated.

## CONCLUSION

Accordingly, the Plaintiff prays that this Honorable Court enjoin the Defendants from causing the Plaintiff to suffer the deprivation above.

RESPECTFULLY SUBMITTED:

*Eric Ware*